United States District Court
Middle District of Florida
Orlando Division

**GLORIA MICHELLE GORE,**

 *Plaintiff,*

v.                  NO. 6:20-cv-1050-PDB

**ACTING COMMISSIONER OF SOCIAL SECURITY,**

 *Defendant.*

------

# Order

  Gloria Gore brings this action under 42 U.S.C. § 405(g) to review a final decision of the Acting Commissioner of Social Security denying her application for disability insurance benefits. Under review is a decision by an Administrative Law Judge (ALJ). Tr. 14–27. Summaries of the law and the administrative record are in the ALJ's decision, Tr. 14–27, and the parties' briefs, Docs. 25, 26, and not fully repeated here.

  Gore applied for benefits in 2017, Tr. 156, alleging she had become disabled on January 1, 2010, from hemochromatosis, fibromyalgia, "slipped" spinal discs, depression, and anxiety, Tr. 82. Her date last insured was March 31, 2013. Tr. 16, 182. The ALJ conducted a hearing in May 2019. Tr. 32–81. Gore brought medical records of recent treatment for her hemochromatosis. Tr. 36. The ALJ explained that because her date last insured was March 31, 2013,

recent treatment would not relate to her claim. *See* Tr. 37. Gore argues the ALJ erred in failing to accept the records as evidence.[1] *See* Doc. 25 at 13–18.

A court's review of a decision by the Commissioner is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

A claimant must establish disability and produce evidence to support the claim. 20 C.F.R. § 404.1512(a). The claimant must show disability before the date last insured. 42 U.S.C. §§ 416(i)(3), 423(a), (c); 20 C.F.R. §§ 404.101, 404.130, 404.131; *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

The Social Security Administration (SSA) must develop a full and fair record. 20 C.F.R. § 404.1512(b). The SSA must develop the claimant's "complete medical history for the 12-month period prior to the month [the claimant was] last insured for disability insurance benefits[.]"[2] 20 C.F.R. § 404.1512(b)(1)(ii).

If the SSA fails to fulfill its duty and the record has evidentiary gaps resulting in unfairness or clear prejudice, remand is warranted. *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995). "In other words, 'there must be a showing of prejudice before [a court] will find that the claimant's right to due

---

[1] A claimant must submit written evidence no later than five business days before the administrative hearing. 20 C.F.R. § 404.935(a). If the claimant fails to comply with this requirement, the ALJ may decline to consider the evidence unless one of the circumstances listed in § 404.935(b) applies. Neither party raises this issue, and Gore's untimeliness was not the ALJ's basis for declining to accept the medical records Gore brought to the hearing.

[2] An ALJ's duty is heightened if the claimant is unrepresented and has not waived her right to representation. *Brown v. Shalala,* 44 F.3d 931, 934–35 (11th Cir. 1995). Here, Gore waived her right to representation, *see* Tr. 34–36, 152, and neither side contends the ALJ had heightened responsibilities. She is now represented by counsel.

process has been violated to such a degree that the case must be remanded to the [ALJ] for further development of the record.'" *Mosley v. Acting Comm'r of Soc. Sec. Admin.*, 633 F. App'x 739, 742 (11th Cir. 2015) (second alteration in original) (quoting *Brown*, 44 F.3d at 935). "Prejudice requires a showing that 'the ALJ did not have all of the relevant evidence before him in the record … or that the ALJ did not consider all of the evidence in the record in reaching his decision.'" *Id.* (quoting *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985)). Missing medical records supporting a claim of disability can be prejudicial, especially when they relate to treatment occurring near or during the pertinent period. *See Brown*, 44 F.3d at 935–36.

Contrary to Gore's argument, the ALJ adequately developed the record, and substantial evidence supports the decision.

In the decision, the ALJ summarized the medical evidence concerning Gore's hemochromatosis. *See generally* Tr. 23. Gore was diagnosed with hereditary hemochromatosis in 2003. Tr. 325. She was treated with weekly phlebotomy. Tr. 325. In November 2010, her primary care physician gave her a "good report" based on a physical and noted she has been treated by another physician for hemochromatosis. Tr. 263. In March 2011, she was treated for abdominal pain. Tr. 300. A note in the record explained she had not needed phlebotomy for hemochromatosis in "quite some time." Tr. 300. Although her hemochromatosis was not an urgent matter, she had elevated liver function tests, and was directed to see her gastroenterologist about phlebotomy. Tr. 301. After her date last insured, in December 2013, she consulted Jennifer Crook, M.D., about her hemochromatosis, reporting progressive fatigue over the last year or so but ability to maintain an active lifestyle. Tr. 325. Her physical examination was normal. Tr. 325–26. Dr. Crook noted that, although Gore had

3

received almost no treatment in the last decade, her ferritin levels were only moderately elevated. Tr. 326. Dr. Crook recommended weekly phlebotomy for four weeks and then routine monitoring of her ferritin levels. Tr. 326. In February 2015, Gore reported increased fatigue and explained she had not followed up on her hemochromatosis since 2011.[3] Tr. 315.

These and the other medical records summarized by the ALJ provide substantial evidence to support the residual functional capacity finding, which, for the period at issue, limited Gore to light work with numerous other limitations.[4] Tr. 21.

Gore fails to show evidentiary gaps resulting in unfairness or clear prejudice. The administrative record already included medical records through 2018. Tr. 257–408. And although Gore possesses or possessed the records she wanted to offer at the hearing, she fails to explain what they show. Moreover, she does not contend the records relate to the period at issue, instead asserting they "might." Doc. 25 at 16–17.

Gore relies on *Brown*, 44 F.3d 931, but *Brown* does not help her. In *Brown*, the court observed that "[t]he likelihood of unfair prejudice to a

---

[3]The record includes other medical evidence about Gore's hemochromatosis not specifically described by the ALJ. In April 2011, Gore returned to Eric Goldberg, M.D., who she had seen years earlier for hemochromatosis. Tr. 268. He noted she had elevated ferritin levels and recommended phlebotomy. Tr. 269–70. In May 2017, Kar Yee Ng, M.D., noted Gore was receiving weekly phlebotomy from another provider. Tr. 365.

[4]The ALJ acknowledged Gore and her husband reported she is significantly restricted in her daily activities and in attending to personal needs. *See* Tr. 22, 24. But after "[c]onsideration of the record as a whole, including [Gore's] reported activities of daily living, conservative/routine treatment modalities, the longitudinal medical record, and the opinion evidence," the ALJ determined Gore's allegations were "not entirely consistent with and supported by the medical evidence and other evidence in the record." Tr. 24. This finding is unchallenged by Gore.

claimant may arise[ if] the evidentiary gap involves recent medical treatment, which the claimant contends supports her allegations of disability[.]" *Id.* at 936 n.9. *Brown* does not suggest the claimant's insured status had expired or that, if it had, the medical treatment post-dated the date last insured. *See generally Brown*, 44 F.3d 931.

Because Gore shows no reversible error, the Court **affirms** the Acting Commissioner's decision and **directs** the clerk to enter judgment for the Acting Commissioner of Social Security and against Gloria Gore and **close** the file.

**Ordered** in Jacksonville, Florida, on February 17, 2022.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*